UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DON WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>R. MORALES,<br><br>Respondent. | No. 2:24-cv-2306-WBS-SCR P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, proceeds without counsel and seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner also seeks to proceed in forma pauperis. (ECF No. 2.) Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a). However, the petition must be dismissed because petitioner has not exhausted state court remedies on the claims presented in the present federal petition.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Petitioner's present federal petition challenges the denial of "2-for-1" good time credit earning rate to petitioner from 2015 forward. (See ECF No. 1 at 7-15.) Petitioner alleges he exhausted his administrative remedies within CDCR by filing a grievance and appealing that grievance. (Id. at 8.) Petitioner does not, however, allege he presented the issues in the present federal petition to the highest state court.

The exhaustion of CDCR administrative remedies does not suffice to exhaust state court remedies as required by 28 U.S.C. § 2254(b). See Picard, 404 U.S. at 276. There is no allegation that state court remedies are no longer available to petitioner. Accordingly, the present federal petition should be dismissed without prejudice.

Good cause appearing, IT IS HEREBY ORDERED as follows:

1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is granted.

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

In addition, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 8, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE