UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DON WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>R. MORALES,<br><br>    Respondent. | No. 2:24-cv-2306-WBS-SCR P<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>AND<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner, proceeds pro se and in forma pauperis with a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) On November 8, 2024, the undersigned recommended the petition be dismissed without prejudice for failure to exhaust state court remedies, finding petitioner did not allege he presented his claims to the highest state court, alleging instead that he satisfied the exhaustion requirement by filing and appealing a grievance. (ECF No. 6.) In objections to the findings and recommendations, petitioner explains he also presented his claims to the highest state court. (ECF No. 8.) Based on petitioner's objections, the undersigned vacates the prior findings and recommendations and issues these amended findings and recommendations. For the reasons set forth below, it plainly appears petitioner is not entitled to the requested relief because his claims are not cognizable in habeas corpus proceedings. The petition should be summarily dismissed.

### I. Screening Standard

In screening the petition, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. See 28 U.S.C. foll. § 2254, Rule 4. If it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the petition must be dismissed. Id.; Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

### II. Petitioner's Allegations

Petitioner was convicted of murder with a firearm enhancement in the Solano County Superior Court in 2010. (ECF No. 1.) The court sentenced petitioner to an indeterminate prison term of 50 years to life. (Id.)

Petitioner alleges a three-judge panel ordered the California Department of Corrections ("CDCR") to expand "2-for-1" credit earning eligibility to all inmates designated as Minimum A or B Custody. (ECF No. 1 at 7.) Petitioner made a request to Counselor M. Gonzalez for Minimum B Custody to receive good time credits at the 2-for-1 rate. (Id. at 7, 9) Counselor M. Gonzalez denied the request "citing violence[e]/Life administrative [determinants]." (Id. at 7.) Petitioner filed a grievance which was re-directed to Counselor Gonzalez. (Id. at 8.)

In the first cause of action, petitioner alleges a violation of his Fourteenth Amendment right to due process of law. (ECF No. 1 at 11.) This cause of action is based on CDCR's alleged non-compliance with the court orders of the three-judge panel regarding overcrowding. (Id.) In the second cause of action, petitioner alleges his rights under the Eighth and Fourteenth Amendments are violated by the denial of a classification that would allow him 2-for-1 credit earning from 2015 forward. (Id. at 13.) For relief, petitioner seeks to be "given Minimum B Custody and 2-for-1 Good Time Credits and applied retroactively from 6/5/2015" and not to have M. Gonzalez assigned as his counselor or sitting on any Unit Classification Committee or Institutional Classification Committee relating to petitioner. (Id. at 15.)

### III. Habeas Jurisdiction

The federal habeas corpus statute under which petitioner filed this case, 28 U.S.C. § 2254, provides that the federal courts "shall entertain an application for a writ of habeas corpus in

behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In general, the courts have interpreted this statute to provide relief only where a successful challenge will shorten an inmate's sentence. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The Ninth Circuit has held that federal courts generally lack habeas jurisdiction over claims for constitutional violations that do not challenge the validity of the conviction or do not necessarily spell speedier release. Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011). Instead, such claims must generally be brought, if at all, in a civil rights complaint under 42 U.S.C. § 1983. Id.

Courts have also found habeas relief may be available "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). For example, the Seventh Circuit has held that if a prisoner is seeking a "quantum change in the level of custody" then habeas corpus is the appropriate remedy. Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) ("if a prisoner claims to be entitled to probation or bond or parole, his proper route is habeas corpus, even though he is seeking something less than complete freedom"). Similarly, the Ninth Circuit has found habeas relief may be available to a prisoner challenging validation as a gang member where a successful challenge would result in immediate release from segregation. Nettles v. Grounds ("Santos"), 788 F.3d 992, 1004-05 (9th Cir. 2015), vacated by rehearing en banc as to petitioner Nettles, 830 F.3d 922 (9th Cir. 2016).[1]

**IV. Discussion**

The present petition challenges the conditions of petitioner's prison life rather than the fact or duration of his conviction or sentence. The claims are not properly brought under 28 U.S.C. § 2254. See Preiser, 411 U.S. at 499-500; Ramirez, 334 F.3d at 859 ("habeas jurisdiction [under 28 U.S.C. § 2254] is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). Petitioner appears to

---

[1] The 2015 Ninth Circuit panel decision in Nettles involved two petitioners: Damous Nettles and Matta Santos. The 2016 en banc decision was a rehearing en banc that only involved the panel's holding regarding Nettles. The panel's opinion regarding Santos' claim was not reheard.

3

allege that granting him the requested relief of additional good time credit would lead to a speedier release from custody by leading to an earlier hearing with the Board of Parole Hearings. (See ECF No. 1 at 13.) However, petitioner's status as an indeterminately sentenced prisoner prevents him from bringing claims premised on that argument.

Sitting en banc, the Ninth Circuit has rejected habeas jurisdiction for an indeterminately sentenced prisoner seeking restoration of credits. Nettles v. Grounds ("Nettles"), 830 F.3d. 922, 934 (9th Cir. 2016) (en banc). In Nettles, the indeterminately sentenced prisoner argued that his claims affected the duration of his sentence because if he succeeded in expunging his rules violation report, he would be more likely to receive an earlier parole hearing and more likely to receive a favorable parole ruling. Id. at 934. The Ninth Circuit disagreed, holding "[s]uccess on the merits of [the] claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. at 934-35.

In the present case, granting the relief petitioner seeks would not necessarily lead to a speedier release or grant of parole. Even if petitioner were to receive 2-for-1 credits applied retroactively and Minimum B Custody status, the parole board must consider "'[a]ll relevant, reliable information' in determining suitability for parole." Nettles, 830 F.3d at 935 (citing Cal. Code Regs. tit. 15, § 2281(b)). Petitioner's custody level and earned good time credits may be factors shedding light on the parole suitability determination, but "the parole board has the authority to deny parole 'on the basis of any of the grounds presently available to it[.]'" Nettles, 830 F.3d at 935 (citing Ramirez, 334 F.3d at 859). Just as in Nettles, success on petitioner's claims "would not necessarily even lead to an earlier parole hearing" because advancing a parole hearing is in the discretion of the parole board. See Cal. Penal Code § 3041.5(d)(1); Nettles, 830 F.3d at 935.

Moreover, although petitioner also requests placement in Minimum B Custody, that change in custody level would not be a "quantum change" in custody similar to release to parole or probation or release from administrative segregation to general population. See Nettles (Santos), 788 F.3d at 1004; Graham, 922 F.2d at 381. "[I]f [a petitioner] is seeking a different

4

program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks." Graham, 922 F.2d at 381.

Petitioner's claims are not cognizable on habeas corpus and may be brought, if at all, only under 42 U.S.C. § 1983. See Nettles, 830 F.3d at 935. The court could convert the habeas petition to a civil rights action after notifying and obtaining informed consent from petitioner. See id. at 936. However, the undersigned will not recommend the court convert the present petition to a civil rights action because the petition contains no specific allegations against the named respondent, and it is unclear who petitioner seeks to hold personally responsible for the alleged denial of his federal rights. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

Moreover, provisions of the PLRA would subject petitioner to filing fee requirements, sua sponte review of the complaint by the court, and limits on the number of actions a prisoner may be permitted to file in forma pauperis. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e. Prisoners proceeding in forma pauperis in civil rights cases are required to pay the $350 filing fee by way of periodic deductions from the prisoner's trust account, see 28 U.S.C. 1915(b)(1), even if the action is dismissed, see Bruce v. Samuels, 577 U.S. 82, 86 (2016). A civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not the case for habeas petitions.[2]

Due to the differences and potential disadvantages that re-characterization may have on petitioner's claims, the present petition should not be re-characterized as a civil rights complaint. Petitioner may file a new complaint pursuant to 42 U.S.C. § 1983 if he wishes to pursue these claims as a civil rights action.

---

[2] The undersigned expresses no opinion as to the merits of the present claims if presented in a civil rights complaint.

5

**IV. Conclusion, Order, and Recommendation**

In accordance with the above, IT IS ORDERED that the findings and recommendations filed on November 8, 2024 (ECF No. 6), are VACATED.

As amended findings and recommendations, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas corpus be summarily dismissed.
2. The court decline to issue a certificate of appealability.
3. The Clerk of the Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE